```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PHILLIP WOOD, | Civil Action No. 08-4797 (MLC) |
| Plaintiff, | **O R D E R** |
| v. |  |
| GEORGE W. HAYMAN, et al., |  |
| Defendants. |  |

**IT APPEARING THAT**:

1. Plaintiff, a New Jersey prisoner confined at New Jersey State Prison, submitted to the Clerk for filing a pro se Complaint with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

2. The Prison Litigation Reform Act of 1995 prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3. While incarcerated, Plaintiff has had at least three prior civil actions dismissed by this Court on the grounds that it was frivolous, malicious, or failed to state a claim upon

which relief may be granted.  See Wood v. Burlington County Superior Court, No. 00-2952 (SMO) order (D.N.J. Aug. 15, 2000); Wood v. Smith, No. 05-1446 (FLW) order (D.N.J. May 2, 2005); Wood v. Wood El, No. 05-1447 (RBK) order (D.N.J. Aug. 5, 2005).

    4.  There are no credible facts asserted in the Complaint showing that Plaintiff is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001).

    **IT IS THEREFORE** on this     23rd     day of March, 2009,

    **ORDERED** that pursuant to 28 U.S.C. § 1915(g) Plaintiff's request to proceed in forma pauperis is **DENIED WITH PREJUDICE;** and it is further

    **ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this action, without filing the Complaint or assessing a filing fee; and it is further

    **ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F. 3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F. 3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that this Court will reopen the case if Plaintiff prepays to the Clerk, within 30 days of the date of the entry of this Order, the filing fee of $350.00; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff, and shall designate the action as **CLOSED.**


      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge