**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| PHILLIP WOOD, | : | Civil No. 08-4797 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| GEORGE W. HAYMAN, et al., | : |  |
| Defendants. | : |  |

This matter coming before the Court by way of Plaintiff's motion [docket entry no. 4] for reconsideration of the Order [docket entry no. 3] denying Plaintiff's application to proceed in forma pauperis, and it appearing that:

1. Plaintiff, a New Jersey prisoner confined at New Jersey State Prison, submitted to the Clerk for filing a pro se Complaint with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

2. By Order entered March 23, 2009, this Court denied Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), on the ground that, while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, see, e.g., Wood v. Burlington County Superior Court, Docket No. 00-2952 (SMO) order (D.N.J. Aug. 15, 2000); Wood v. Smith, Docket No. 05-1446 (FLW) order (D.N.J. May

2, 2005); Wood v. Wood El, Docket No. 05-1447 (RBK) order (D.N.J. Aug. 5, 2005), and the facts set forth in the Complaint did not show that Plaintiff is in imminent danger of serious physical injury.

3. On April 7, 2009, the Clerk received and docketed Plaintiff's motion for reconsideration dated April 1, 2009. On June 3, 2009, Plaintiff filed a letter in support of the motion.

4. A motion for reconsideration may be granted to: (1) correct manifest errors of law or fact upon which the judgment was based; (2) present newly-discovered or previously unavailable evidence; (3) prevent manifest injustice; and (4) raise an intervening change in prevailing law. See N. River Ins. Co. v. CIGNA Reins. Co., 52 F. 3d 1194, 1218 (3d Cir. 1995).

5. Plaintiff argues that this Court should reconsider the denial of in forma pauperis status, and grant his application, because: (a) he is a mental patient who has been illegally sentenced to a prison term; (b) his prior dismissals should be excused because he was a mental patient at the time he filed the complaints; and (c) he is at risk of serious physical injury because corrections officers injured him in the past and because unspecified medications are being involuntarily administered to Plaintiff.

6. This Court will grant the motion to reconsider and direct the Clerk to reopen the file.

7. Plaintiff first argues that he should be excused from the three strikes bar under 28 U.S.C. § 1915(g) because he is a mental patient who was illegally sentenced to serve a prison term and because he was a mental patient at the time he brought his previously dismissed cases.

8. Section 1915(h) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). As the dockets in each of the aforesaid dismissed cases show that Plaintiff was incarcerated at Northern State Prison when he filed each complaint, Plaintiff is a "prisoner" within the meaning of § 1915(b), regardless of his prior status as a person who was found not guilty by reason of insanity. Thus, Plaintiff's first and second arguments are without merit.

9. Plaintiff further argues that he falls within the "imminent danger" exception of § 1915(g) because corrections officers injured him at an unspecified time in the past and his brain may be damaged by the medication defendants prescribed.

10. A "prisoner's allegation that he faced danger in the past" does not satisfy § 1915(g)'s imminent danger exception. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). Rather, "'[i]mminent' dangers are those dangers which are about

to occur at any moment or are impending [and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" Id. at 315, 313.

11.   Thus, that corrections officers allegedly injured Plaintiff in the past does not show that he is in imminent danger of serious physical injury now.

12.   Plaintiff also maintains that the involuntary administration of unspecified prescription medications places him in imminent danger under the § 1915(g) exception because the medications may cause brain damage and psychological injury. Psychological injury does not satisfy the "imminent danger" exception, which requires "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Accepting Plaintiff's bold assertion that the unspecified medications he has been prescribed may cause brain damage, this Court nevertheless finds that Plaintiff does not satisfy the "imminent danger" exception.  This Court rejects the notion that a risk of brain damage which arises from taking an unspecified prescribed medication, however remote the risk, constitutes an "imminent danger" under § 1915(g).

13.   This Court finds that the Order denying in forma pauperis status was not based on a manifest error of law or fact. This Court will therefore deny the application to proceed in forma pauperis again.

4

14.  The Court will issue an appropriate order.

        <u>    s/ Mary L. Cooper    </u>
        **MARY L. COOPER**
        United States District Judge

Dated:  October 20, 2009